**IT IS ORDERED as set forth below:**

**Date: February 24, 2010**

_____
**James E. Massey
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 09-85604-JEM |
| | : | |
| ERIC D. BRYANT, | : | CHAPTER 13 |
| | : | |
| Debtor. | : | JUDGE MASSEY |
| .................................................................: | | |
| | : | |
| ERIC D. BRYANT, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | ADVERSARY NO. 09-6574 |
| | : | |
| TITAL RECOVERY & COLLECTION | : | |
| SERVICES, LLC, | : | |
| | : | |
| Defendant. | : | |

ORDER AND NOTICE OF ASSIGNMENT OF TRIAL

PLEASE TAKE NOTICE that the trial in the above-styled adversary proceeding will be held in Courtroom **1404**, United States Courthouse, 75 Spring Street, S.W., Atlanta, GA, at **9:30 A .M.**, on the **22ND** day of **APRIL**, 2010.

The parties are directed to promptly notify the Courtroom Deputy Clerk by telephone if they settle this dispute prior to trial.  Unless the parties present a consent order or consent judgment prior to the time the trial is scheduled to begin or file a motion to compromise in the main case, the parties must appear at the designated time of trial to state on the record all of the terms of the settlement or proposed settlement.

IT IS SO ORDERED.

***END OF ORDER***

INSTRUCTIONS REGARDING PREPARATION OF PRETRIAL ORDER,
EXHIBITS AND USE OF COURTROOM TECHNOLOGY

These instructions are divided into three parts. Part I outlines general procedures for preparing the pretrial order. Part II describes the content of the pretrial order. Part III describes how exhibits should be identified, marked, paginated and, if numerous, bound.

**I. Procedures.** Counsel for the parties shall prepare a proposed pretrial order in accordance with these instructions. Plaintiff's counsel is responsible for making the initial contact with opposing counsel to prepare the draft. Pursuant to Fed. R. Civ. P. 16, made applicable by Fed. R. Bank. P. 7016, counsel have a duty to cooperate fully with each other to prepare a proposed pretrial order which complies with these instructions and with any other pretrial orders of the court. If either party's counsel fails to cooperate in preparation of the proposed pretrial order, opposing counsel may file, pursuant to Bankruptcy Rule 7016, a motion to compel such cooperation or for sanctions or both. The instructions for each section of the draft order set out below should not be repeated in the draft, but the proposed order should contain numbered paragraphs and headings corresponding to the paragraphs and headings below. Counsel may **not** reserve any matter described below for later presentation or inclusion; a party needing additional time to prepare the pretrial order should move promptly for an extension of time. Where the instructions require separate submissions by each party, those sections may be attached to the order as exhibits.

Motions to bifurcate the trial or to consolidate this adversary proceeding with any other adversary proceeding or contested matter for trial shall be made and resolved prior to submitting the proposed pretrial order. A case shall be presumed ready for trial on the date the court enters the pretrial order.

**II. Content.** Each proposed consolidated pretrial order shall include the following sections:

1. **Preliminary Statement.** The parties shall certify that, except as noted, no pretrial motions are pending, discovery has been completed, the names of the parties are complete and correct, no issue of misjoinder or nonjoinder exists. This certification shall apply to all claims, counterclaims, cross claims and third-party claims.

2. **Attorneys:** State the individual names, mailing addresses, e-mail addresses, if any, and telephone numbers of the lead counsel for each party.

1

3. **Related Litigation:** Describe briefly any related litigation pending in this Court or elsewhere, including the style and case number.

4. **Jurisdiction:** State the basis of this court's jurisdiction and any questions concerning, or objections to, that jurisdiction.

5. **Case Outlines:** Each party shall provide a brief outline of that party's case.

   a. **Plaintiff's Outline** shall include:

      1. a <u>succinct</u> factual statement of each claim for relief. This statement should not be argumentative and should recite **facts** but not evidence;

      2. a statement of the precise relief sought, including itemization of any monetary damages; and

      3. a <u>succinct</u> statement of the law that when applied to the facts stated in subparagraph 5(a)(1) entitles the Plaintiff to the relief stated in subparagraph 5(a)(2); cite all relevant sections of the Bankruptcy Code, the Bankruptcy Rules and any other applicable statutes, rules or regulations and illustrative case law on which Plaintiff relies.

   b. **Defendant's Outline** shall include:

      1. a <u>succinct</u>, factual statement of the Defendant's general, special, and affirmative defenses. This statement should not be argumentative and should recite **facts** but not evidence; and

      2. a <u>succinct</u> statement of the law that when applied to the facts stated in subparagraph 5(b)(1) provides the Defendant with a partial or complete defense to any claim stated by the Plaintiff; cite all relevant sections of the Bankruptcy Code, the Bankruptcy Rules and any other applicable statutes, rules or regulations and illustrative case law on which Defendant relies.

   c. For each counterclaim pleaded by the Defendant, if any, the Defendant shall prepare an outline following the instruction is subparagraph 5(a) above and the Plaintiff shall prepare an outline following the instructions in subparagraph 5(b) above.

   d. A party may, but is not required to, submit a separate pretrial brief, which may not exceed 10 double-spaced pages and which must be served and filed at least one week prior to trial. No reply briefs shall be filed.

2

6. **Responses to Outlines:** Each party may, but is not required to, respond to the factual outline of the other party. It is presumed that the factual contentions of a party are disputed, since otherwise those facts would be stated in paragraph 7 below. If a party disagrees with a legal contention of the other party and has not outlined that position in that party's statement under paragraph 5, state concisely the basis for that disagreement and provide relevant citations. State any other objection that a party may have to the other party's outline of that party's case.

7. **Undisputed Facts:** State all undisputed material facts.

8. **Witnesses:** Each party shall list the witnesses, their addresses and telephone numbers, whom that party **will** have present at the trial and whom that party **may** have present at the trial, including impeachment and rebuttal witnesses whose use can or should be reasonably anticipated. A representation that a witness will be present may be relied on by other parties unless notice is given one (l) week prior to trial to permit other parties to subpoena the witness or obtain the testimony by other means. As a general rule, witnesses not included on the witness list will not be permitted to testify.

9. **List of Exhibits:** Each party shall list the exhibits identified by number and a brief description that the party intends to use at trial. Following each party's list of exhibits, the other party shall state all objections to the admissibility of any exhibit of the other party. Any objection not raised shall be deemed to be waived. Exhibits shall be prepared in accordance with the instructions in Part III below.

10. **Testimony by Deposition:** Each party shall identify each witness whose testimony that party will offer at trial in the form of a deposition transcript and shall designate the portions of each deposition that will be offered. The opposing party shall state all objections to the admissibility of any such testimony and shall designate any portions of the transcript of a witness's testimony not designated by the offering party, to which the offering party may state any objection.

11. **Settlement:** State whether counsel have met personally to discuss settlement, the last date on which settlement was discussed and the likelihood of settlement of the proceeding prior to trial.

12. **Length of Trial:**  Counsel for each party shall estimate the length of time, **in hours**, required to present that party's case.

13. **Other matters:** State any other matters appropriate for inclusion in the pretrial order.

14. **Pretrial Conference:** State whether either party requests a pretrial conference.

3

The following paragraph shall appear at the close of the proposed pretrial order above the signature line for the Judge:

> IT IS HEREBY ORDERED that the trial in this adversary proceeding [or contested matter] shall be limited as set forth in, and conducted in accordance with, this pretrial order, which has been submitted by stipulation of the parties. This Order supersedes the pleadings framing this dispute.

The signatures of lead counsel for each party indicating their consent to the pretrial order shall appear on the last page below the space provided for the Judge's signature.

### III. Exhibits and Use of Courtroom Technology.

Exhibits should be prepared so that they are easy to identify and to use. Accordingly, the following guidelines must be followed in preparing and exchanging exhibits and in using them at trial.

1. Apply an exhibit sticker or label to each exhibit: preferably yellow for plaintiff and blue for defendant.

2. Identify on the label the number of the exhibit and the party, e.g., "Plaintiff's Exhibit 1" or "Defendant Smith Exhibit 6."

3. Number the exhibits consecutively, starting with 1. Do **not** subdivide exhibits by using letters or additional numbers such as exhibit 8-A, 8-B, etc. or exhibit 9.1, 9.2, etc.

4. Using a copy machine, reduce larger exhibits to 8½ x 11 if the reduced exhibit would still be readable.

5. If an exhibit has more than two pages and all of the pages are not numbered consecutively, number each page of the exhibit in the lower right corner and circle the number.

6. At least two (2) weeks prior to the deadline for submitting the proposed pretrial order, each party shall provide to the opposing party or parties a copy of each exhibit to be listed in the pretrial order, which shall have been marked in accordance with these instructions. Each party shall deliver to the Courtroom Deputy Clerk two sets of that party's exhibits at the time the proposed pretrial order is due. One set of exhibits shall have the original colored exhibit stickers or labels attached; the other set may be a copy of the first.

7. A party having more than 10 exhibits, other than exhibits larger than 8½ x 11 that cannot be reduced (see item 4 above), must place each of the two sets of exhibits in separate three-ring

4

binders.  Each exhibit must be separated from the next with a tabbed divider page.  The number on a tab must correspond to the number of the exhibit beneath that divider page.  Tabs must **not** be attached to the exhibit.  Exhibits in binders must **not** be stapled.  Each binder shall have a label on the front and a label on the spine identifying the party offering the exhibits and the contents, such as Plaintiff's Exhibits 1-20, as well as the case or adversary name and number.  Documentary exhibits too large to be put in binders and having multiple pages should be stapled or otherwise bound.

      8.  Witnesses shall be instructed **never** to remove exhibits from the witness stand.

      9**.  NOTE that once the judgment or order disposing of the controversy is final and not subject to further appeal, parties shall have thirty days within which to retrieve exhibits from Chambers.  Exhibits not retrieved will be destroyed without further notice.**